UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TADIRAN TELECOM, INC.,

                        Plaintiff,                         **ORDER**
                                                                                 CV 05-1709 (TCP)(ARL)

       -against-

SPRINT PRODUCTS GROUP, INC., and
SPRINT NORTH SUPPLY COMPANY,

                        Defendants.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' letter application dated November 27, 2006, seeking to compel the plaintiff to produce more complete responses to the defendants' First and Second Requests for the Production of Documents. Specifically, the defendants contend that although the plaintiff provided documents responsive to their First Request for the Production of Documents, it is unclear from the wording of the plaintiff's objections whether any documents were withheld on the basis of privilege. Second, the defendants seek to compel documents responsive to their requests for documents concerning the purchase of the plaintiff from ECI Telecom, Inc. The plaintiff opposes the application by letter dated December 1, 2006, and cross-moves to compel responses to its First Request for the Production of Documents. For the reasons set forth below, the defendants' motion is denied as moot and the plaintiff's cross-motion is granted.

      As a threshold matter, the plaintiff agreed to provide the defendants with a privilege log by Tuesday, December 5, 2006, outlining any documents it has withheld on the basis of privilege. In addition, the plaintiff has represented that the only documents it has withheld are in response to Request No. 11, and that those documents will be provided to the defendants by December 15,

2006. Although the court is confused by the fact that the plaintiff is claiming to have only withheld documents in response to Request No. 11, but at the same time has agreed to provide the defendants with a privilege log, the combination of the two steps should address the defendants' concerns. Accordingly, to the extent the defendants seek to compel the plaintiff to state whether any documents have been withheld, that application is moot. The plaintiff is reminded that it must describe "the nature of the documents withheld . . . in such a manner that, . . . will enable the other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

With respect to the defendants' request for the production of documents concerning the purchase of the plaintiff from ECI Telecom, Inc., the plaintiff contends that although the requests are overly broad and its objections were valid, the plaintiff has produced the only documents in its possession. In addition, the plaintiff contends that it has voluntarily obtained the purchase agreement and documents relating to the due diligence and the Sprint negotiations from non-parties. The plaintiff has agreed to produce the documents without waiver of its objections. Those documents should be provided to the defendants by December 15, 2006.

The plaintiff also seeks to compel documents responsive to its First Request, namely Request Nos. 31, 32, 34, and 35. In their response, the defendants objected to the requests on the basis of relevancy and because the response contained proprietary information. The court has reviewed the defendants objections and finds them to be without merit.

In its complaint, the plaintiff contends that the defendants failed to used its "best-efforts" it market and sell the plaintiff's product under the Sprint name. In support of its claim, the plaintiff argues that Sprint marketed and sold a competitor's product while it was supposed to be using its best efforts to sell the plaintiff's product. The requests at issue address the distribution

2

and sale of the competitors product and the dealers and consultants involved in that distribution. Although the request satisfy the relevance standards set forth in Fed. R. Civ. P. 26(b)(1), the defendants argue, nonetheless, that the Mitel product sold by the defendants was not competitive with the plaintiff's product. The defendants further suggest that this is simply a ploy to obtain the proprietary information of a competitor. The defendant has not provided any support for its allegations and, in any case, any discovery obtained would be subject to the parties Confidentiality Agreement, which provides that "No Discovery Materials may be used, directly or indirectly, by any non-producing party, . . . in connection with any personal, commercial, or business use or other litigation." Stipulated Protective Order at ¶ 1. Accordingly, the defendants shall provide documents in their possession responsive to the requests by December 22, 2006.

Finally, the defendants have also requested that the court so order "Requests for International Judicial Assistance Pursuant to the Hague Convention" so that the defendants can obtain discovery from two Israeli companies. That request is granted. An executed copy of the so ordered Letter Rogatory will be mailed to the defendants.

Dated: Central Islip, New York          **SO ORDERED:**
        December 11, 2006

                                             _____/s/_____
                                             ARLENE ROSARIO LINDSAY
                                             United States Magistrate Judge