UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TADIRAN TELECOM, INC.,

                    Plaintiff,                  **ORDER**
                                                                                                     CV 05-1709 (TCP)(ARL)

      -against-

SPRINT PRODUCTS GROUP, INC., and
SPRINT NORTH SUPPLY COMPANY,

                    Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter motion dated February 13, 2007, seeking to quash subpoenas served by the defendants on two non-party accounting firms. According to the plaintiff, the subpoenas should be quashed because they seek production of accounting records for non-parties who are irrelevant to the issues in this case as well as for time periods that are similarly irrelevant, overly broad and unduly burdensome. Defendants object to the plaintiff's letter motion by letter dated February 21, 2007.[1] Significantly, the non-parties have not objected to the subpoenas.

      The law is clear that "[a] party 'ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.'" Fox Indus. Inc. v. Gurovich, No. CV 03-5166 (TCP)(WDW), 2006 WL 2882580, at *13 (E.D.N.Y. Oct. 6, 2006), quoting Nova Products, Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (additional citations omitted). Here, the plaintiff does not claim that it is seeking to protect any personal privilege or right. Thus, the plaintiff lacks standing to challenge these non-party subpoenas. Accordingly, the plaintiff's motion to quash the subpoenas is denied.

Dated: Central Islip, New York              **SO ORDERED:**
       February 26, 2007

                                                         _____/s/_____
                                                         ARLENE ROSARIO LINDSAY
                                                         United States Magistrate Judge

---

[1] Plaintiff has also requested permission to submit a reply letter limited to the defendants' assertions regarding the plaintiffs' production as well as the burden of producing the materials sought by subpoena. Because of the undersigned's determination that the plaintiff lacks standing to object to the non-party subpoenas, the reply is not necessary.