UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TADIRAN TELECOM, INC.,

                              Plaintiff,                        **ORDER**
                                                                               CV 05-1709 (TCP)(ARL)

       -against-

SPRINT PRODUCTS GROUP, INC., and
SPRINT NORTH SUPPLY COMPANY,

                              Defendants.
-------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter motion dated March 26, 2008, seeking to quash subpoenas served by the defendants on three non-testifying consultants who worked with the plaintiff's marketing expert, Gary Katz. According to the plaintiff, the subpoenas should be quashed because they seek production of notes made by the consultants that are privileged. Defendants object by letter dated March 31, 2008.[1] Significantly, the subpoenas were issued by the United States District Court for the Northern District of California.

      Federal Rule of Civil Procedure 45 makes clear that a motion to quash a subpoena is properly made to the issuing court. Fed. R. Civ. P. 45(c)(3). Because the challenged subpoenas were not issued by this court, the court is without jurisdiction to determine the instant motion to quash. Fed. R. Civ. P. 45(c)(3); <u>Microbrightfield, Inc. v. Boehringer</u>, 2006 WL 851825, at *1 (D. Vt. March 30, 2006) ("[T]he Court is without jurisdiction to consider the motions to quash" subpoenas issued from another District Court).

Dated:  Central Islip, New York                        **SO ORDERED:**
           April 2, 2008

                                                      _____/s/_____
                                                        ARLENE ROSARIO LINDSAY
                                                        United States Magistrate Judge

---

[1] Plaintiff has also submitted a letter dated April 1, 2008 requesting permission to reply. Because of the undersigned's determination that this court is without jurisdiction to determine the plaintiff's motion, the reply is not necessary.